NUNC PRO TUNC OPINION
{¶ 1} Defendant-appellant Meridian Insurance Co. [hereinafter Meridian] appeals from the October 17, 2002, Judgment Entry which granted partial summary judgment in favor of plaintiff-appellee Jon J. Tulak [hereinafter appellee], administrator of the Estate of Stephanie J. Weaver Tulak, deceased, and denied Meridian's cross motion for summary judgment.
 {¶ 2} STATEMENT OF THE FACTS AND CASE
 {¶ 3} This case concerns a claim for underinsured motorist coverage which arose out of a traffic accident on October 18, 1994. A vehicle, driven by Barney T. Gerber [hereinafter tortfeasor], went left of center and struck a vehicle driven by Stephanie J. Weaver Tulak [hereinafter Tulak]. Tulak, who was pregnant and a mother of three children, died as a result of the accident.
 {¶ 4} The tortfeasor was insured for liability coverage by Ohio Mutual Insurance Company, with a liability limit of $35,000.00. Appellee reached a settlement with the tortfeasor for $35,000.00 on or about August 3, 1995.
 {¶ 5} At the time of the accident, Tulak was employed as a pharmacy technician in a pharmacy, known as Mako's Pharmacy. Appellee made a claim against Meridian under the terms of an insurance policy issued by The Insurance Company of Ohio, part of the Meridian Group of Companies, to Jo Elaine Mako and "Mako's Market, Inc., dba Mako's Market and Pharmacy." Appellee claimed that Tulak was an insured under the Meridian policy issued to Mako's Market, Inc. and that this policy included UM coverage by operation of law. The policy was a businessowner's policy, which included general liability coverage. The policy had optional liability coverage for hired and non-owned auto liability. Appellant did not offer uninsured/underinsured motorist [hereinafter UM/UIM] coverage with the policy, nor was UM/UIM coverage rejected by the policyholder.
 {¶ 6} On June 21, 2001, appellee filed a complaint for declaratory judgment and insurance coverage in the Tuscarawas County Court of Common Pleas. Appellee sought UM coverage pursuant to the Meridian policy and the Ohio Supreme Court cases of Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541 and Scott-Pontzer v. Liberty Mutual Fire Ins. Co.
(1999), 85 Ohio St.3d 660.
 {¶ 7} On October 5, 2001, appellee filed a motion for partial summary judgment. In the motion, appellee contended that the Meridian policy contained UM/UIM coverage by operation of law and that Tulak was an insured at the time of her death. Thus, appellee contended that appellee was entitled to collect UM coverage from the Meridian policy. Appellant Meridian's cross motion for summary judgment and response was filed on November 2, 2001. In the motion, Meridian argued that Scott-Pontzer was not applicable since Tulak was not employed by a corporation and Tulak was not insured under the policy.
 {¶ 8} On October 17, 2002, the trial court entered judgment granting appellee's motion for partial summary judgment and denying Meridian's cross motion for summary judgment. The trial court included Civ.R. 54(B) language.
 {¶ 9} It is from the October 17, 2002, Judgment Entry that appellant Meridian appeals, raising the following assignment of error:
 {¶ 10} "THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN DENYING THE APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW, TO APPELLANT'S PREJUDICE."
 {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. Civil Rule 56(C) states in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 12} It is based upon this standard we review appellants' sole assignment of error.
 {¶ 13} In the first portion of appellant Meridian's assignment of error, Meridian argues that because Tulak was not an employee of a corporate named insured the decision of Scott-Pontzer has no application. Meridian claims that Tulak was an employee of Jo E. Mako (a sole proprietor) dba Mako's Pharmacy. Further, Meridian contends that since Tulak was not acting within the scope of her employment for Jo E. Mako at the time of the accident, Tulak cannot and does not qualify as an "insured" under the language of the Meridian policy.
 {¶ 14} The trial court held that Tulak was an insured under the Meridian policy pursuant to the rationale of Scott-Pontzer and, in the alternative, that even if Meridian were correct that Tulak was employed by Jo E. Mako as a sole proprietor, Tulak would still be covered under the policy pursuant to this court's decision in Hopkins v. Dyer, Tuscarawas App. Nos. 2001AP080087 2001AP080088, 2002-Ohio-1576. We find that the analysis of Hopkins v. Dyer is the correct analysis for the situation sub judice and is dispositive.[1]
 {¶ 15} In Hopkins, Jennifer Hopkins was injured when the bicycle she was riding was struck by a drunk driver. At the time of the accident, Hopkins was an employee of a McDonald's Restaurant owned and operated by Dana J. Lewis. Mr. Lewis was the named insured under a comprehensive general liability policy and a comprehensive catastrophic coverage policy issued by Lumberman's Mutual Casualty Company. McDonald's Corporation was an "additional named insured" under the same policies.
 {¶ 16} The trial court found Hopkins was not insured under the Lumberman's policy of insurance issued to Dana Lewis and therefore not entitled to coverage under the policy. Further, the trial court foundScott-Pontzer to be inapplicable because the Lumberman's policy's named insured was an individual, Dana Lewis.
 {¶ 17} Upon reviewing the following policy language, this Court found that Hopkins was an insured under the policies:
 {¶ 18} "[T]he general declarations page for Lumbermans' general liability and comprehensive catastrophic liability policies . . . indicates the named insured to be `Licensed McDonald's Franchises,' and states the legal entity is `an individual (franchise operator).' McDonald's Corporation, and all wholly owned subsidiaries, are named as `additional insureds' `with respect to building, public liability, and rental value as their interests may appear.
 {¶ 19} "The word `insured' is defined in the policy . . . : and
 {¶ 20} "Insured means any person or organization qualifying as an insured in the `Persons Insured' provision of the applicable insurance coverage . . .
 {¶ 21} " `Persons Insured' is defined . . . to include:
 {¶ 22} "E. any employee . . . of the named insured arising out of or in the course of his employment . . .
 {¶ 23} "Lumberman's modified the comprehensive general liability coverage with a hired automobile and non-owned automobile liability insurance endorsement. . . . The endorsement names employees as `insureds.' The `Persons Insured' provision is replaced with the following language:
 {¶ 24} "Each of the following is an insured under this insurance to the extent set forth below:
 {¶ 25} "b. any other person using a hired automobile with the permission of the named insured, but with respect to bodily injury or property damage arising out of the loading or unloading thereof such other persons shall be insured only if he is . . .
 {¶ 26} "2) an employee of the named insured
 {¶ 27} " . . .
 {¶ 28} "In the comprehensive catastrophe liability coverage policy, . . . Section 7 provides employees are `additional insureds.' " Hopkins, supra.
 {¶ 29} In reviewing the policies in Hopkins, this court found that both policies included employees as insureds.
 {¶ 30} In the case sub judice, the Meridian policy was a businessowner's policy in which the named insured was "Mako Market dba Mako's Market Pharmacy." Jo E. Mako was an additional insured. The Designation of Premises Schedule, Commercial Lines Policy form states that the designated premises is occupied by a "grocery store drug store." The policy includes an endorsement for an additional $75,000.00 for "druggist professional liability." Thus, we conclude that the policy insured Jo E. Mako as the businessowner of the pharmacy.
 {¶ 31} As to who was an insured, the Meridian policy provided the following definition:
 {¶ 32} "C. WHO IS AN INSURED
 {¶ 33} "f. If you are designated in the Declarations as:
 {¶ 34} "a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
 {¶ 35} "b. A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.
 {¶ 36} "C. An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
 {¶ 37} "2. Each of the following is also an insured:
 {¶ 38} "Your employees, other than your executive officers, but only for acts within the scope of their employment by you. . . ."(Emphasis added).
 {¶ 39} The Meridian policy contained the following hired auto liability and non-owned auto liability coverages:
 {¶ 40} "HIRED AUTO LIABILITY
 {¶ 41} "The insurance provided under the Businessowners Liability Coverage, Paragraph A.1. Business Liability, applies to `bodily injury' or `property damage' arising out of the maintenance or use of a `hired auto' by you or your employees in the course of your business.
 {¶ 42} "NON-OWNED AUTO LIABILITY
 {¶ 43} "The insurance provided under the Businessowners Liability Coverage, Paragraph A.1. Business Liability, applies to `bodily injury' or `property damage' arising out of the use of any `non-owned auto' in your business by any person other than you." (Emphasis added).
 {¶ 44} Meridian concedes that Tulak was an employee of Jo E. Mako, the sole proprietor of the pharmacy. The Meridian policy covered employees of the named insureds and Jo E. Mako was a named insured. Based upon the language of the Meridian policy, we find that Tulak, as an employee of Jo Mako, was an insured.[2]
 {¶ 45} However, our analysis does not end here. Appellant contends that Tulak cannot be insured under the Meridian policy under these circumstances because she was not acting within the scope of her employment at the time of the accident. The Meridian policy's Business Liability Coverage section, defines who is an insured as "Your employees, . . . but only for acts within the scope of their employmentby you." (Emphasis added)
 {¶ 46} The policy does limit liability coverage to employees while in the scope of their employment. However, this court has held that when the UM/UIM coverage arises by operation of law, as it does in this case, any language in the policies restricting insurance coverage was intended to apply only to the policies as issued; such restrictions could not have been intended to cover UM/UIM coverage created by operation of law.Hopkins v. Dyer, Tuscarawas App. No. 2001APO80088, 2002-Ohio-1576. InHopkins, this court held that language in the liability portion of a policy, limiting coverage to only when an employee is acting within the scope of their employment, did not carry over to restrict UM/UIM coverage created by operation of law. We adhere to our previous decision and find that the limitation in the Meridian policy does not apply to the UM coverage created by operation of law. See Scott-Pontzer v. Liberty MutualFire Insurance, 85 Ohio St.3d 660, 666, 1999-Ohio-292, 710 N.E.2d 1116.
 {¶ 47} In the second portion of appellant's arguments, appellant contends that even if Tulak is an insured under the Meridian policy, appellee is barred from recovery because the policy's terms regarding notice and protection of subrogation rights were violated. We disagree.
 {¶ 48} The "Liability . . . General Conditions" section of the Meridian policy provides as follows:
 {¶ 49} "2. Duties in the event of Occurrence, Claim or Suit
 {¶ 50} "You must see to it that we are notified as soon as practicable of an occurrence' or an offense which may result in a claim. . . .
 {¶ 51} "The Businessowners Common Policy Conditions"/"Transfer of Rights of Recovery Against Others to Us" section of the Meridian policy provides as follows:
 {¶ 52} "2. Applicable to Businessowners Liability coverage:
 {¶ 53} "If the insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The insured must do nothing after loss to impair them. . . ."
 {¶ 54} Thus, the policy does contain notice and subrogation terms. However, this court has held, and continues to hold, that notice and subrogation requirements found in a liability policy do not apply to coverage provided by operation of law. Rohr v. Cincinnati Insurance Co., Stark App. No. No. 2001CA00237, 2002-Ohio-1583 (citing Demetry v. Kim
(1991), 72 Ohio App.3d 692; Greene v. Westfield Insurance Co., Stark App. No. 2002CA00114, 2002-Ohio-6179; See also Scott-Pontzer v. LibertyMut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116
(citing Demetry, supra)). Thus, we find appellant's argument meritless.
 {¶ 55} In conclusion, we find that Tulak was an insured under the Meridian policy and that UM coverage, created by operation of law, extends to Tulak. Appellant's assignment of error is overruled.
 {¶ 56} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By Edwards, J., Hoffman, P.J., and Wise, J. concur.
This matter came before the Court on Appellee's Motion for Nunc Pro Tunc Entry.
Upon consideration on the motion, the Court finds it is to be well taken and hereby corrects the amount of insurance coverage referenced in footnote 1 of the June 13, 2003, Opinion to be $1,000,000.00 not $100,000.00 as referenced in the original Opinion. All other portions of the Opinion remain unchanged.
[1] Although not addressed by either party, we find that the trial court correctly held that the Hired and Non-Owned Auto portion of the Meridian policy renders the policy a policy of automobile insurance under the then applicable R.C. 3937.18. (Pre-H.B. 261) Pursuant to R.C. 3937.18, Meridian was required to offer underinsured motorist coverage. It is undisputed that Meridian failed to offer underinsured motorist coverage. Therefore, underinsured motorist coverage arises by operation of law in an amount equal to the liability coverage afforded. Selander v. ErieIns. Group (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161. Thus, underinsured motorist coverage arises by operation of law in the amount of $1,000,000.00.
[2] In interpreting the Meridian policy, this Court is cognizant that any ambiguity should be construed strictly against the insurer and liberally in favor of the insured. Scott-Pontzer,85 Ohio St.3d at 664.